APPENDIX I

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

KEVIN EFAW                                          : CIVIL ACTION
                                                    :
       v.                           :
                                                    : NO.
FALLS TOWNSHIP, c/o                                 :
FALLS TOWNSHIP POLICE                               :
DEPARTMENT, et al.                                  :

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits                              ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.                                                                      ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)                                                                         ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.         (X)

_2-12-07_                  _[signature]_                 _Plaintiff_
**Date**                   **Attorney-at-law**           **Attorney for**

_215-599-1400_             _215-599-1416_                _M.Richter@LessinLaw.com_
**Telephone**              **FAX Number**                **E-Mail Address**

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 45 Twin Lane, Levittown, PA 19054

Address of Defendant: 188 Lincoln Highway, Fairless Hills, PA 19030

Place of Accident, Incident or Transaction: New Falls Road in Falls Township, PA
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐   No☒

Does this case involve multidistrict litigation possibilities?    Yes☐   No☒

*RELATED CASE, IF ANY:*

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?    Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify)

**ARBITRATION CERTIFICATION**
*(Check appropriate Category)*

I, Mark T. Richter, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 2-12-07    _____Attorney-at-Law_____    45195 Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 2-12-07    _____Attorney-at-Law_____    45195 Attorney I.D.#

CIV. 609 (4/03)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
KEVIN EFAW

### DEFENDANTS
Falls Township, c/o Falls Township Police Department,
Police Officer Henry Ward, Individually, and in his capacity as a Police Officer,
Police Officer Beauchmin, Individually, and in his capacity as a Police Officer,
John Doe Police Officer #1 Individually, and in his capacity as a Police Officer,
John Doe Police Officer #2 Individually, and in his capacity as a Police Officer,
John Doe Police Officer #3 Individually, and in his capacity as a Police Officer

(b) County of Residence of First Listed Plaintiff  **BUCKS**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  **Bucks**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Jeffrey R. Lessin, Esquire, Two Penn Center, 1500 JFK Blvd., Suite 600, Philadelphia, PA 19102, 215-599-1400

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** — ☐ 310 Airplane; ☐ 315 Airplane Product Liability; ☐ 320 Assault, Libel & Slander; ☐ 330 Federal Employers' Liability; ☐ 340 Marine; ☐ 345 Marine Product Liability; ☐ 350 Motor Vehicle; ☐ 355 Motor Vehicle Product Liability; ☐ 360 Other Personal Injury | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | **PERSONAL INJURY** — ☐ 362 Personal Injury - Med. Malpractice; ☐ 365 Personal Injury - Product Liability; ☐ 368 Asbestos Personal Injury Product Liability | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | **PERSONAL PROPERTY** — ☐ 370 Other Fraud; ☐ 371 Truth in Lending; ☐ 380 Other Personal Property Damage; ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | **PRISONER PETITIONS** — ☐ 510 Motions to Vacate Sentence; **Habeas Corpus:** ☐ 530 General; ☐ 535 Death Penalty; ☐ 540 Mandamus & Other; ☐ 550 Civil Rights; ☐ 555 Prison Condition | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | | | ☐ 950 Constitutionality of State Statutes |
| | ☒ 440 Other Civil Rights | | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): 42 U.S.C. §1983
Brief description of cause: Police brutality (excessive force)

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ more than $100,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

| VIII. RELATED CASE(S) IF ANY | (See instructions): | | |
|---|---|---|---|
| | JUDGE | | DOCKET NUMBER |

DATE _____  SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

JS 44 Reverse (Rev. 11/04)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.  (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.  Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.  Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.  Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.  Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.  Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**  Example:  U.S. Civil Statute: <u>47 USC 553</u>
Brief Description: <u>Unauthorized reception of cable service</u>

**VII.  Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.  Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEVIN EFAW<br>45 Twin Leaf Lane<br>Levittown, PA 19054<br>　　　　　Plaintiff,<br><br>v.<br><br>Falls Township, c/o Falls Township Police Dep't.<br>188 Lincoln Highway<br>Fairless Hills, PA 19030<br>　　and<br>Police Officer Henry Ward, Individually, and in his<br>capacity as a Police Officer, Badge No. Unknown,<br>c/o Falls Township Police Department<br>188 Lincoln Highway<br>Fairless Hills, PA 19030<br>　　and<br>Police Officer Beauchmin (First Name Unknown),<br>Individually, and in his capacity as a Police Officer,<br>Badge No. Unknown, c/o Falls Township Police<br>Department<br>188 Lincoln Highway<br>Fairless Hills, PA 19030<br>　　and<br>John Doe Police Officer #1, Individually, and in his<br>capacity as a Police Officer, Badge No. Unknown,<br>c/o Falls Townshp Police Department<br>188 Lincoln Highway<br>Fairless Hills, PA 19030<br>　　and<br>John Doe Police Officer #2, Individually, and in his<br>capacity as a Police Officer, Badge No. Unknown,<br>c/o Falls Township Police Department<br>188 Lincoln Highway<br>Fairless Hills, PA 19030<br>　　and<br>John Doe Police Officer #3, Individually, and in his<br>capacity as a Police Officer, Badge No. Unknown,<br>c/o Falls Township Police Department<br>188 Lincoln Highway<br>Fairless Hills, PA 19030<br>　　　　　Defendants. | CIVIL ACTION<br><br>NO. |

## COMPLAINT

Plaintiff, **KEVIN EFAW**, (hereinafter "**EFAW**"), by and through his undersigned counsel, Jeffrey R. Lessin & Associates, & P.C., files this Complaint and sues Defendants, all defendants, individually/in capacity), and alleges:

## INTRODUCTION

1. This is an action at law for damages sustained by a citizen of the United States against individual police officers of the Falls Township Police Department and Falls Township.

2. On October 1, 2005 at approximately 1:00 a.m. to 2:00 a.m., **EFAW**, while traveling to his home, operating his vehicle, was traveling on New Falls Road in Falls Township, Pennsylvania, when a Falls Township police vehicle started following him. **EFAW** then turned into the development in which he lived and when he turned onto Teabury Lane, the following police officer turned the overhead lights on.

3. Because **EFAW** had been drinking alcohol, he attempted to evade being pulled over by the police. In the process, he lost control of the vehicle, which jumped the curb and collided with a house located on Thornridge Drive.

4. Thereafter, **EFAW** exited the vehicle and ran toward his house, which was nearby, being pursued by the Falls Township police. One of the police officers shouted at **EFAW** to get down, in the rear yard of his home. **EFAW** put his hands up and was lowering to the ground to be cuffed when another Falls Township police officer tackled him placing his knee in **EFAW**'s back before handcuffing **EFAW**.

5. After they had handcuffed **EFAW**, two other unidentified Falls Township police officers arrived and the officers then punched and beat **EFAW** with fists and

nightsticks, about the body and legs. As he was rolling from the punches, the unidentified arresting Falls Township police officer sprayed the still handcuffed **EFAW** with mace or pepper spray, causing **EFAW** to scream in unbelievable pain.

6. During this beating of the handcuffed and subdued **EFAW**, **EFAW**'s family members tried to comfort him, and were told to shut up by the said Falls Township police officers. One of the officers actually told **EFAW**'s mother that he would arrest her if she didn't shut up.

7. After being apprehended and handcuffed, **EFAW** voluntarily complied with all of the Falls Township police officers' requests and/or instructions.

8. Two of the unidentified Falls Township police officers dragged **EFAW** to one of the police vehicles, because **EFAW** was having trouble walking after the beating his legs and other body parts took.

9. Before placing **EFAW** into the police vehicle, the unidentified Falls Township police officers slammed **EFAW** into the side of **EFAW**'s father's parked truck.

10. After slamming the handcuffed **EFAW** into his father's parked truck, a group of Falls Township police officers dragged **EFAW** to the street, wheres a K-9 unit was waiting. The K-9 police dog was controlled by **Police Officer Henry Ward** and/or **Police Officer Beauchmin (First Name Unknown)**.

11. While **EFAW** was in police custody, **Police Officer Henry Ward** and/or **Police Officer Beauchmin (First Name Unknown)** released the K-9 police dog to attack the cuffed, beaten, maced and subdued **EFAW**, despite the fact that **EFAW** was complying with all police requests.

3

12. Thereafter, due to the wrongful conduct of **Police Officer Henry Ward** and/or **Police Officer Beauchmin (First Name Unknown)**, the K-9 police dog attacked and bit **EFAW**.

13. The Falls Township police officers then pushed the bloody **EFAW** into one of the police vehicles, to be taken to the hospital for blood testing.

14. When the Falls Township police vehicle arrived at Frankford Hospital so that the police could obtain his blood sample, **Police Officer Henry Ward** and/or **Police Officer Beauchmin (First Name Unknown)**, again released the K-9 police dog to attack **EFAW** in the hospital parking lot while he was still handcuffed; the K-9 police dog again attacked and bit **EFAW**.

15. By this complaint, **EFAW** seeks judicial redress for violation of his civil rights.

16. **EFAW** brings this claim pursuant to 42 U.S.C. Sec. 1983 seeking monetary relief for violation of the Fourteenth Amendment to the Constitution of the United States. **EFAW** also seeks damages under Pennsylvania tort law.

## JURISDICTION AND VENUE

17. The jurisdiction of this Court is invoked under 28 U.S.C. Sec. 1331, 1343 and 1367, this being an action authorized by law to redress the deprivation under color of Pennsylvania law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity secured to **EFAW** by the Fourteenth Amendment to the Constitution of the United States.

18. The matter in controversy exceeds, exclusive of interest and costs, the sum or value of ten thousand dollars ($10,000.00).

19. Venue is properly placed in the Unites States District Court of the Eastern

4

District of Pennsylvania as it is where all parties reside or have business addresses and where the events complained of occurred.

## PARTIES

20.     **EFAW** is an adult individual, citizen of the United States and resides in Levittown, Bucks County, Pennsylvania.

21.     Defendant **Falls Township, c/o Falls Township Police Dep't.** is a municipal entity, municipal corporation and/or political subdivision of the Commonwealth of Pennsylvania and was the employer of Ward, Beauchmin, Doe 1, Doe 2 and Doe 3. All actions and/or omissions were performed by the individual police officers listed were in the name of Falls Township.

22.     Defendant **Police Officer Henry Ward** (hereinafter "**Ward**") is an adult individual, duly appointed and presently acting as a police officer in the Police Department of Falls Township. **Ward** is being sued in his individual capacity for money damages.

23.     Defendant **Police Officer Beauchmin (First Name Unknown)** (hereinafter "**Beauchmin**") is an adult individual, duly appointed and presently acting as a police officer in the Police Department of Falls Township. **Beauchmin** is being sued in his individual capacity for money damages.

24.     **John Doe Police Officers #1, #2 and #3** are adult individuals, duly appointed and presently acting as a police officer in the Police Department of Falls Township. They are being sued in their individual capacity for money damages. To date these officers are unidentified to **EFAW**.

25.     At all times pertinent hereto, **Ward, Beauchmin**, Doe 1, Doe 2 and Doe 3, each of them acting separately and in concert, through conduct sanctioned under color of

state law, statute, township ordinances, regulations, policies, practices, customs and/or usages engaged in conduct resulting in injury to **EFAW**, depriving him of the rights, privileges and immunities secured by the Fourteenth Amendment to the Constitution of the United States and the laws of the United States and Commonwealth of Pennsylvania.

26. Falls Township, by and through the individual members of the Police Department of Falls Township, who are its agents and employees, together with the identified individual defendants and persons presently unknown to **EFAW**, acting under color of law, statute, township ordinance, regulations, policies, practices, customs and/or usages have subjected **EFAW** and other persons to a pattern of conduct consisting of intimidation, abuse, assault and battery resulting in the denial of the rights privileges and immunities guaranteed **EFAW** and other citizens by the Constitution of the United States and Commonwealth of Pennsylvania.

27. This systematic pattern of conduct consisted of a large number of individual acts of violence, physical harm, intimidation and/or humiliation visited upon **EFAW** and other citizens by members of the Police Department of Falls Township, acting in concert with persons unknown to **EFAW** under color of law. These acts of violence, intimidation and/or humiliation which occurred under color of law, have no justification or excuse in law and are illegal, improper and unrelated to any activity in which police officer may appropriately and legally engage in the course of protecting persons or property or ensuring civil order.

28. Despite the fact that Falls Township officials knew or should have known of the fact that this pattern of conduct was being carried out by their agents and/or

employees, Falls Township, through its officials, particularly the chief of police, have taken no effort to order a halt to this course of conduct, to make redress to **EFAW** or other citizens injured thereby, or to take any disciplinary action whatever against any of its employees and/or agents, thus having the effect of encouraging their employees and/or agents to continue in this pattern of conduct. Indeed, the only disciplinary action taken in this matter after Falls Township corroborated **EFAW**'s mother's complaint of brutality was a simple memo issued to **Ward** and **Beauchmin** "to make it very clear to you that under no circumstances is your K-9 to be used on a handcuffed prisoner." See said memo, attached hereto collectively as Exhibit "A".

## COUNT I
## KEVIN EFAW v. DEFENDANTS
## CIVIL RIGHTS VIOLATIONS

### FACTUAL ALLEGATIONS

29.    On October 1, 2005 at approximately 1:00a.m to 2:00am, **EFAW**, while traveling to his home, operating his vehicle, was traveling on New Falls Road in Falls Township, Pennsylvania, when a Falls Township police vehicle started following him. **EFAW** then turned into the development in which he lived and when he turned onto Teasbury Lane, the following police officer turned the overhead lights on.

30.    Because **EFAW** had been drinking alcohol, he attempted to evade being pulled over by the police. In the process, he lost control of the vehicle, which jumped the curb and collided with a house located on Thornridge Drive. Thereafter, **EFAW** exited the vehicle and ran toward his house, which was nearby, being pursued by the Falls Township police. One of the police officers shouted at **EFAW** to get down, in the rear yard of his

7

home. **EFAW** put his hands up and was lowering to the ground to be cuffed when another Falls Township police officer tackled him placing his knee in **EFAW**'s back before handcuffing **EFAW**.

31. After they had handcuffed **EFAW**, two other unidentified Falls Township police officers arrived and the officers then punched and beat **EFAW** with fists and nightsticks, about the body and legs. As he was rolling from the punches, the unidentified arresting Falls Township police officer sprayed the still handcuffed **EFAW** with mace or pepper spray, causing **EFAW** to scream in unbelievable pain. During this beating of the handcuffed and subdued **EFAW**, **EFAW**'s family members tried to comfort him, and were told to shut up by the said Falls Township police officers. One of the officers actually told **EFAW**'s mother that he would arrest her if she didn't shut up.

32. After being apprehended, **EFAW** voluntarily complied with all of the Falls Township police officers' requests and/or instructions. Two of the unidentified Falls Township police officers dragged **EFAW** to one of the police vehicles, because **EFAW** was having trouble walking after the beating his legs and other body parts took. Before placing **EFAW** into the police vehicle, the unidentified Falls Township police officers slammed **EFAW** into the side of **EFAW**'s father's parked truck.

33. After slamming the handcuffed **EFAW** into his father's parked truck, a group of Falls Township police officers dragged **EFAW** to the street, where a K-9 unit was waiting. The K-9 police dog was controlled by **Police Officer Henry Ward** and/or **Police Officer Beauchmin (First Name Unknown)**. **Police Officer Henry Ward** and/or **Police Officer Beauchmin (First Name Unknown)** released the K-9 police dog to attack the

cuffed, beaten, maced and subdued **EFAW**, despite the fact that **EFAW** was complying with all police requests. Thereafter, due to the wrongful conduct of **Police Officer Henry Ward** and/or **Police Officer Beauchmin (First Name Unknown)**, the K-9 police dog attacked and bit **EFAW**. The Falls Township police officers then pushed the bloody **EFAW** into one of the police vehicles, to be taken to the hospital for blood testing.

34. When the Falls Township police vehicle arrived at Frankford Hospital so that the police could obtain his blood sample, **Police Officer Henry Ward** and/or **Police Officer Beauchmin (First Name Unknown)**, again released the K-9 police dog to attack **EFAW** in the hospital parking lot while he was still handcuffed; the K-9 police dog again attacked and bit **EFAW**.

35. After he was taken to Frankford Hospital for the blood test, **EFAW**'s bloody shirt and pants, evidence incriminating to the Defendants herein, were confiscated and never returned to him by the said unidentified Falls Township police officers.

36. At no time was **EFAW** allowed by Defendants herein to obtain medical treatment for his injuries.

36. **EFAW** was subsequently charged with DUI and related offenses, to which he pled guilty on March 24, 2006.

### ADDITIONAL FACTUAL ALLEGATIONS AGAINST FALLS TOWNSHIP

37. **EFAW** incorporates herein by reference all of the allegations contained in paragraphs 1 through 36, inclusive, as fully as though the same were set forth herein at length.

38. This cause of action is brought by **EFAW** against Falls Township for

9

deprivation by its agents, servants, workmen and/or employees of his constitutional rights within the meaning of 42 U.S.C. Sec. 1983.

39.  **Ward, Beauchmin**, Doe 1, Doe 2 and Doe 3, acting under color of law as authorized agents, servants, workmen and/or employees of Falls Township while in the act of stopping, arresting, physically abusing and denying medical treatment resulted in a constitutional deprivation of **EFAW**'s constitutional rights in violation of the due process clause of the Fourteenth Amendment of the United States Constitution.

40.  Falls Township violated **EFAW**'s due process rights by failing to train **Ward, Beauchmin**, Doe 1, Doe 2 and Doe 3 in the proper methods for dealing with handcuffed suspects or perpetrators under the same circumstances as **EFAW** and of using attack dogs on handcuffed citizens, and properly allowing seeing to it that citizens they injure get needed medical attention.

41.  Falls Township, through its agents, servants, workmen and/or employees has a history of verbal and physical abuse, police brutality and denial of reasonable medical attention to citizens similarly situated as **EFAW** and depriving them of their constitutional rights within the meaning of 42 U.S.C. Sec. 1983.

42.  The constitutional deprivation was caused by Falls Township's lack of training, supervision and discipline with regard to its police officers in general and **Ward, Beauchmin**, Doe 1, Doe 2 and Doe 3 in particular by failing in their ability to appropriately interact with citizens without causing the deprivation of constitutional rights departing from the prevailing standards.

43.  Prior to the date of the incident involving **EFAW**, Falls Township permitted,

tolerated and negligently overlooked, ratified and/or approved the constitutional violations of citizens by officers of its police department, particularly **Ward**, **Beauchmin**, Doe 1, Doe 2 and Doe 3, who were not properly trained and supervised to appropriately interact with citizens without causing the depravation of constitutional rights.

44. Falls Township is responsible for the promulgation, adoption, and implementation of official policies for its police officers in general and **Ward**, **Beauchmin**, Doe 1, Doe 2 and Doe 3, in particular, to appropriately interact with citizens without causing the depravation of constitutional rights.

45. As a direct and proximate result of the above-mentioned unconstitutional acts of Falls Township, acting through its agents, servants, workmen and/or employees, **Ward**, **Beauchmin**, Doe 1, Doe 2 and Doe 3, **EFAW** has sustained severe physical and mental injuries as indicated below.

## DAMAGES

46. As a direct and proximate result of the above mentioned acts of the collective defendants, **EFAW** has been caused to suffer great bodily and mental harm, pain, suffering and injury, including exacerbation of preexisting injuries and mental anguish, from the time of the incident until now, and will continue to suffer same well into the future, including, but not limited to, head and face pain, back pain, bilateral back pain, lacerations and contusions to the head and chin requiring sutures, dog bite wounds primarily on the left leg, and headaches; has lost and will in the future lose large sums of money due to medical expenses past, present and future; has lost wages, earnings and earning capacity and by reason of having been greatly humiliated and held up to public scorn and ridicule as a

result of the foregoing acts of the defendants.

47.    **EFAW** has been forced to incur substantial obligations for investigation, attorney fees, court reporter fees and other expenses in the prosecution and protection of his civil rights, which has been a serious burden to him.

48.    Due to the intentional, outrageous and at least recklessly indifferent nature of the misconduct of defendants as outlined above, **EFAW** demands not only compensatory damages, but punitive damages.

**WHEREFORE**, **EFAW** demands compensatory damages against the defendants and each of them, jointly and severally, in an amount in excess of One Hundred Thousand ($100,000.00) and further demands punitive damages against the defendants, and each of them, jointly and severally, in an amount in excess of ($100,000.00). A demand is also made for costs, expenses, reasonable attorney fees and such other relief as the Court deems just, proper and equitable. Plaintiff demands a trial by jury.

## COUNT II
## KEVIN EFAW v. DEFENDANTS
## ASSAULT and BATTERY

49.    **EFAW** incorporates herein by reference all of the allegations contained in paragraphs 1 through 48, inclusive, as fully as though the same were set forth herein at length.

50.    Plaintiff suffered offensive physical contact as a result of the excessive use of force by said Falls Township police officers in general, and **Ward**, **Beauchmin**, Doe 1, Doe 2 and Doe 3, in particular, as described above.

51.    The actions of said Falls Township police officers in general, and **Ward**,

**Beauchmin**, Doe 1, Doe 2 and Doe 3, in particular, constituted both assault and battery.

52. Under Pennsylvania law, a cause of action for battery depends not upon the severity of the contact or injury, but upon the intent and offensiveness of the contact. In Cohen v. Lit Brothers, 166 Pa. Super. 206, 70 A.2d 419 (1950), the court held that "a battery is committed whenever the violence menaced in an assault is actually done, though in ever so small a degree, upon the person."

53. In this case, great and menacing physical violence was done to **EFAW**, when the said Falls Township police officers in general, and **Ward**, **Beauchmin**, Doe 1, Doe 2 and Doe 3, in particular, attacked him, beat him, maced him and released an attack dog on him after he was subdued, compliant and handcuffed.

**WHEREFORE**, **EFAW** demands compensatory damages against the defendants and each of them, jointly and severally, in an amount in excess of One Hundred Thousand ($100,000.00) and further demands punitive damages against the defendants, and each of them, jointly and severally, in an amount in excess of ($100,000.00). A demand is also made for costs, expenses, reasonable attorney fees and such other relief as the Court deems just, proper and equitable. Plaintiff demands a trial by jury.

JEFFREY R. LESSIN & ASSOCIATES, P.C.

BY:   JRL5292
       JEFFREY R. LESSIN, ESQUIRE
       MARK T. RICHTER, ESQUIRE
       I.D. Nos. 43801 and 45195
       **Attorneys for Plaintiff**
       1500 J.F.K. Boulevard, Suite 600
       Philadelphia, PA 19102
       215-599-1400