IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KEVIN EFAW                                              :    CIVIL ACTION

                          FILED                         :

      v.                   ~~~ 1 7 2008                 :

                    MICHAEL ~. ~~~~, Clerk              :
                    By_____Dep. Clerk           :
FALLS TOWNSHIP, et al.                                  :    NO.  07-598


**<u>MEMORANDUM AND ORDER</u>**


M. FAITH ANGELL                                         December 16, 2008
UNITED STATES MAGISTRATE JUDGE

          On August 21, 2007, the parties in this matter filed a notice of consent to have me conduct

all further proceedings in this action, and, on August 23, 2007, the Honorable Norma L. Shapiro

ordered that the case be referred to me for all further proceedings and the entry of judgment.  *See*

Docket Entries  Nos. 8 and 9.

          Presently before this Court is Defendants Falls Township, Police Officer Henry Ward, Police

Officer Jeffrey Rhodunda, Police Officer Edward Elmore, and Police Officer Steve Langan's Motion

for Partial Summary Judgment.  In their Motion for Partial Summary Judgment, Defendants argue

that 1) the Fourteenth Amendment claims should be dismissed, the claim for denial of medical care

should be dismissed, all claims against the officers in their official capacities should be dismissed,

and the *Monell* claim should be dismissed.  *See* Defendants Amended Memorandum of Law in

Support of their Motion for Partial Summary Judgment[1] at 5-8.

          Plaintiff Kevin Efaw responds that he does, indeed, have a viable excessive force claim under

_____

          [1]Hereinafter Defendants' Amended Memo.

the Fourth Amendment, and the Fourteenth Amendment may afford him relief in this matter. *See Plaintiff's Memorandum of Law in Opposition to Defendants' Amended Partial Motion for Summary Judgment Pursuant to FRCP 56* [2] at 11-16. He further asserts that his claims against the Police Officers in their Official Capacity are not redundant and that he does properly present a *Monell* claim. *Id.* at 17, 21. However, Mr. Efaw does indicate that his "claim for denial of medical care is withdrawn". *Id.* at 16-17.

## I. FACTUAL BACKGROUND[3]

I begin by presenting the facts, drawing all reasonable inferences in favor of Mr. Efaw, the non-moving party. *See, e.g. Hamilton v. Leavy, et al.*, 322 F.3d 776, 782, n. 4 (3d Cir. 2003).

In the early morning of October 1, 2005, Mr. Efaw was driving his car on New Falls Road in Falls Township, Pennsylvania, when a Falls Township police vehicle started following him. The police car followed Mr. Efaw into the development in which he lived. Because Mr. Efaw had been drinking that night, he attempted to evade the police, and he lost control of his car, jumped the curb and collided with a house. *See* Amended Complaint at 2.

Mr. Efaw got out of his car and ran towards his house, with the Falls Township police in pursuit. One of the officers, believed to be Defendant Police Officer Jeffrey Rhodunda, shouted at Plaintiff to get down. As Mr. Efaw started to raise his hands and lower himself to the ground, other police officers, believed to be Defendants Rhodunda, Police Officer Edward Elmore, and/or Police

---

[2] Hereinafter Plaintiff's Memo in Opposition to Amended Motion.

[3] The factual history is compiled from a review of the Complaint, Amended Complaint, and their respective answers, as well as Defendants' Motion for Partial Summary Judgment, their memorandum in support of their motion, inclusive of all exhibits thereto; Defendants' Amended Motion for Partial Summary Judgment, and Amended Memorandum of Law, with exhibits; Plaintiff's Answer to Defendants' Amended Motion, his Memorandum in Support of his Answer, with exhibits, and the court record. All facts, and reasonable inferences therefrom, are considered in the light most favorable to the non-moving party.

Officer Steve Langan, tackled Plaintiff and placed handcuffs on him.  An altercation ensued, in which Mr. Efaw was pepper sprayed.  Subsequently, Mr. Efaw was taken to the police car, at times being dragged by the officers.  Before being placed in the vehicle, another altercation took place, and Defendant Police Officer Henry Ward released his K-9 police dog, Dante, who bit Mr. Efaw. *Id.* at 2-3.  Mr. Efaw was placed in the police car and transported to Frankford Hospital, where, among other things, his blood alcohol level was tested.  Upon arrival at the hospital, the K-9 Dante again bit Mr. Efaw, when the other officers had difficulty getting Plaintiff out of the car. *Id.* at 4.

## II. <u>MOTION FOR PARTIAL SUMMARY JUDGMENT</u>

In their amended motion for partial summary judgment, Defendants make the following arguments concerning Plaintiff's claims:

1. "The Fourteenth Amendment claims should be dismissed as only the Fourth Amendment applies to claims that the police used excessive force during an arrest."

2. "The claim for denial of medical care should be dismissed."

3. "All claims against the Officers in their official capacities should be dismissed as redundant."

4. "The *Monell* Claim against Falls Township for its policies, practice, custom or training should be dismissed."  Defendants' Amended Memo at 5-8.

## III. <u>DISCUSSION</u>

### A. Legal Standard

Summary judgment is appropriate only where there exists no genuine issue as to any material fact, such that the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56©. "When the non-moving party bears the burden of persuasion at trial, the moving party may meet its

burden on summary judgment by showing that the non-moving party's evidence is insufficient to carry its burden of persuasion at trial." *Brewer v. Quaker State Oil Refining Corp.*, 72 F.3d 326,329 (3d Cir. 1995); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986). A non-moving party creates a genuine issue of material fact when it provides evidence "such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1996); *see also Lawrence v. National Westminister Bank New Jersey*, 98 F.3d 61, 65 (3d Cir. 1996).

**B. Analysis**

1. Violation of Plaintiff's 14th Amendment Rights

Defendants assert that it is the Fourth Amendment[4] that applies to claims, such as Mr. Efaw's, that police used excessive force during an arrest, not the Fourteenth Amendment[5]. *See* Defendants' Amended Memo at 5-7. They state that because a Fourth Amendment claim has not been specifically alleged, the Fourteenth Amendment claims must be dismissed. *Id.*

Mr. Efaw responds that, while the phrase "Fourth Amendment" is not used in his complaint, that does not mean that there is no viable claim cognizable under that Amendment. *See* Plaintiff's

---

[4]The Fourth Amendment reads:

The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

[5]The Fourteenth Amendment reads in pertinent part:

Section 1. All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

Memo in Opposition to Amended Petition at 13.

The Third Circuit analyzed the requirements for establishing a constitutional claim under 42

U.S.C. §1983 as follows:

> The pertinent language of section 1983 states:
>
>> Every person who, under color of any statute,
>> ordinance, regulation, custom, or usage, of any State
>> or Territory or the District of Columbia, subjects, or
>> causes to be subjected, any citizen of the United
>> States or other person within the jurisdiction thereof
>> to the deprivation of any rights, privileges, or
>> immunities secured by the Constitution and laws,
>> shall be liable to the party injured in an action at law,
>> suit in equity, or other proper proceeding for redress.
>
> Section 1983 does not, by its own terms, create substantive rights; it
> provides only remedies for deprivations of rights established
> elsewhere in the Constitution or federal laws. In order to establish a
> section 1983 claim, a plaintiff must demonstrate a violation of a right
> secured by the Constitution and the laws of the United States [and]
> that the alleged deprivation was committed by a person acting under
> color of state law.

*Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996) (internal citations and quotations omitted). *See

also Groman v. Township of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995).

In his Amended Complaint, Mr. Efaw brings his claim pursuant to 42 U.S.C. §1983 seeking

monetary relief for a violation of the Fourteenth Amendment to the United States Constitution. *See*

Amended Complaint at 4, ¶16. The protections provided to individuals in the Constitution of the

United States, applied through the Fourteenth Amendment, also protect individuals from violations

made by any State government. It is evident that it is the alleged use of excessive force against

Plaintiff by Defendants during the course of his arrest that Mr. Efaw is protesting, even though the

Fourth Amendment is not specifically mentioned in the Amended Complaint. Federal Rule of Civil

Procedure 8(a)(2) states that a complaint must contain 'a short and plain statement of the claim showing that the pleader is entitled to relief"[6]. "Ultimately, Rule 8 is satisfied where the complaint provides a statement sufficient to put the opposing party on notice of the claim." *Pork v. Westin*, 2008 WL 724352 *3 (D.N.J. March 17, 2008) (internal citations and quotations omitted). I will construe Mr. Efaw's claims as pursuant to the Fourth Amendment, made applicable to the states through the Fourteenth Amendment.[7]

"To state a claim for excessive force as an unreasonable seizure under the Fourth Amendment, a plaintiff must show that a 'seizure' occurred and that it was unreasonable" (internal citations omitted). *Kopec v. Tate*, 361 F.3d 772, 776 (3d Cir. 2004). Here, no one contends that Mr. Efaw's arrest did not constitute a "seizure". Thus, the only issue in this particular inquiry is whether the force used by the Falls Township Police Officers was reasonable.

Which brings me to "the genuine issue of any material fact" concerning the force used in the course of Plaintiff's arrest. Mr. Efaw describes force used that included having his head "smacked against the concrete", being "whacked . . . in the back of the legs", and being attacked by a police dog. Plaintiff's Memo in Opposition to Amended Motion, Exhibit G. He further states that the beating occurred even though he offered no resistance to his arrest. *Id.* A recitation of the facts in exhibits submitted by both parties, however, reveal that Mr. Efaw did, in fact, resist his

---

[6]This simplified pleading standard applies to all civil actions, with some limited exceptions which do not apply herein. *See Swierkiewicz v. Soreman*, 534 U.S. 506, 513 (2002).

[7]"The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Id.* at 514 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

apprehension.[8] Due to this unresolved question, a granting of summary judgment on this claim is unwarranted.

### 2. Claims against the Officers in their Official Capacity

Defendants next claim  that because Falls Township is the governmental defendant in this matter, all the claims brought against the Police Officers in their official capacity should be dismissed as redundant. *See* Defendants' Amended Memo at 8.  Plaintiff, of course, disagrees.

> The Supreme Court has held that suing a police officer in his official capacity is in reality a suit against the government entity that the officer represents. *Kentucky v. Graham*, 473 U.S. 159, 165, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985).  A plaintiff who prevails in such a suit must recover from the governmental body, not the individual defendant. *Id.* at 166. "Courts have held that when a plaintiff names the municipality as a defendant, it is redundant, and possibly confusing to the jury, to also include the employee in his or her

---

[8]The Report of Steven D. Nicely, of K9 Consultants of America, reads in pertinent part:

Deposition of Officer Elmore
. . . According to Officer Elmore, Mr. Efaw was refusing to walk, he was dragging his feet and kicking. (Page 36) Officer Elmore's deposition states that he and Officer Langan were together when he was shoved against a vehicle by Mr. Efaw (page 41-42) which lead to the K9 engaging Mr. Efaw.
. . . . .
Deposition of Officer Langan
. . . While attempting to put Mr. Efaw in the vehicle Mr. Efaw shoved Officer Elmore against a civilian vehicle.  (Page 39) Officer Langan was next to Officer Elmore and Mr. Efaw when Officer Elmore is pinned against a vehicle by Mr. Efaw. (Page 44).

Plaintiff's Memo in Opposition to Amended Motion, Exhibit B.

The report of Dennis J. McSweeny evaluating the performance of K9 Officer Ward and his partner K9 Dante reads in pertinent part:

Upon arrival on the scene at Twin Leaf Lane, K9 Officer Henry Ward observed Police Officer Edward Elmore being body slammed into a parked pickup truck by a very large young suspect . . . who was screaming and shouting . . .

There K9 Officer Henry Ward saw a fellow officer being injured by a suspect that apparently had no regard for Police Officer Edward Elmore's welfare, the suspect was not obeying verbal commands, the suspect was refusing to be controlled by Police Officer Edward Elmore's restraint . . .

Defendant's Amended Memo, Exhibit D.

> official capacity, because the two are really one defendant." *Crane
> v. Cumberland County*, No. 99-1798, 2000 U.S.Dist. LEXIS 22489,
> at *8-10 (M.D.Pa. June 16, 2000); *Satterfield v. Borough of Schuylkill
> Haven*, 12 F.Supp.2d 423, 431-32 (E.D.Pa. 1998).

*Lopez v. Maczko*, 2007 WL 2461709 *7 (E.D.Pa. August 16, 2007).

"Courts within the Third Circuit have ruled that claims against an official in his or her official capacity are redundant with the claims against a municipality that employs the official and should therefore be dismissed." *Id.  See M.C. v. Pavlovich*, 2008 WL 2944886 (M.D.Pa. July 25, 2008); *Morrison v. Phillips*, 2008 WL 4308215 (D.N.J. September 16, 2008); *Dawson v. Harran*, 2008 WL 1959696 (E.D.Pa. May 5, 2008).  The Third Circuit, too, has affirmed a District Court dismissal of claims against officers in their official capacities as redundant.

> We will affirm the District Court's dismissal of the claims against the
> officers in their official capacities because a lawsuit against public
> officers in their official capacities is functionally a suit against the
> public entity that employs them. *McMillan v. Monroe County*, 520
> U.S. 781, 117 S.Ct. 1734, 138 L.Ed.2d 1 (1997).  Because [Plaintiff]
> is suing [the township], the suit against the officers in their official
> capacities is redundant. *Id.*; *Kentucky v. Graham*, 473 U.S. 189, 165-
> 66, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985).

*Cuvo v. De Biasi*, 169 Fed.Appx. 688, 2006 WL 332546 *693 (3d Cir. February 14, 2006).

In this instance, Mr. Efaw asserts claims against Defendants Police Officers Ward, Rhodunda, Elmore, and Langan in their official capacities, as well as Defendant Falls Township. Because the claims against the police officers are redundant, I grant Defendant's Motion for Partial Summary Judgment as to the claims against Defendants Ward, Rhodunda, Elmore, and Langan in their official capacities.

### 3. *Monell* Claim

Defendants finally claim that Mr. Efaw's *Monell* claim against Falls Township should be

dismissed. They state that Plaintiff's claim "appears to be that: 1. The Township had insufficient policies for use of the canine; 2. That Officer Ward received insufficient training with the canine; 3. That the officers generally were not well trained on dealing with handcuffed prisoners; 4. And that the township had a history of its officers using excessive force on persons and tolerated such history". Defendants' Amended Memo at 8. Mr. Efaw asserts that he has properly presented a *Monell* claim. *See* Plaintiff's Memo in Opposition to Amended Petition at 21.

In order for a municipality such as Falls Township to be held liable under 42 U.S.C. §1983, a plaintiff must establish that the municipality caused a deprivation of his constitutional rights through an official policy, practice, or custom. *See Monell v. Dep't of Soc. Servx.,* 436 U.S. 658, 690-691 (1978).

> Not all state action rises to the level of a custom or policy. A policy is made "when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues a final proclamation, policy or edict." *Kneipp v. Tedder*, 95 F.3d 1199, 1212 (3d Cir. 1996) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986) (plurality opinion)). A custom is an act "that has not been formally approved by an appropriate decisionmaker", but that is "so widespread as to have the force of law." *[Bd. Of County Comm'rs of] Bryan County [Oklahoma v. Brown]*, 520 U.S. [397, 404], 117 S.Ct. 1382.

*Natale v. Camden County Correctional Facility*, 318 F.3d 575, 584 (3d Cir. 2003).

"There are limited circumstances in which an allegation of a 'failure to train' can be the basis for liability under §1983." *City of Canton v. Harris*, 489 U.S. 378, 387 (1989).

> We hold today that the inadequacy of police training may serve as the basis for §1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact.
>                          . . . . .
> Only where a municipality's failure to train its employees in a

9

> relevant respect evidences a "deliberate indifference" to the rights of
> its inhabitants can such a shortcoming be properly thought of as a city
> "policy or custom" that is actionable under §1983.

*Id.* at 388-389.

As already stated, what is at issue is the alleged excessive force used by the Falls Township police officers, including K9 Officer Dante.  Plaintiff claims that it is the Township's K9 policy which directly caused the violation of his rights by the police officers, in that it offers insufficient guidelines and/or training for the Township's canine handlers.

Falls Township does have a written policy which is applicable to its K9 unit.  *See* Plaintiff's Memo in Opposition to Amended Motion, Exhibit C.  Mr. Efaw notes, however, that the K9 Manual offers guidance for the use of a canine in only three areas: building searches, tracking missing persons, and drug searches.  *Id.*  No mention is made of how a canine is to be  handled in regard to a restrained suspect, nor are there specific training requirements for a potential canine officer.  *Id.*  The Township policymakers surely knew that their canine officers would be required to participate in the arrest of fleeing suspects who would subsequently be restrained and that proper training in that regard would be not only beneficial but also required.  The question remains whether or not the omissions in the K9 Manual and Falls Township's application of its policies to its police force and those with whom they deal rise to the level of "deliberate indifference" to the inhabitants of the Township.  On this basis, the granting of a motion for summary judgment on this claim would be inappropriate.

4.  Denial of Medical Care

Upon representation of Plaintiff's counsel, Mr. Efaw's claim for denial of medical care is withdrawn.  Consequently, this claim need not be addressed by the Court, and it shall be marked

10

withdrawn.

## IV.  **CONCLUSION**

Consistent with the above discussion, Defendants' Motion for Partial Summary Judgment is granted in part and denied in part.

_____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KEVIN EFAW                                        :          CIVIL ACTION
                                                  :
                                                  :
        v.                                        :
                                                  :
                                                  :
FALLS TOWNSHIP, et al.                            :          no.  07-598

FILED

17 2008

MICHAEL ___, Clerk
___ Dep. Clerk
By___

## ORDER

AND NOW, this 16th day of December, 2008, upon consideration of Defendants' amended

motion for partial judgment, Plaintiff's response, and consistent with the above discussion, it is

hereby **ORDERED** that:

1. Defendants' Amended Motion for Partial Summary Judgment (Docket Entry No. 32) is

GRANTED IN PART and DENIED IN PART.

2. Defendants' motion is GRANTED as to all claims against Defendant Police Officers

Henry Ward, Jeffrey Rhodunda, Edward Elmore and Steve Langan in their Official Capacities only.

3. In all other respects, Defendants' motion is DENIED.

BY THE COURT:

M. FAITH ANGELL
UNITED STATES MAGISTRATE JUDGE.

Date: 12-16-08
By Fax and/or Mail:  See the Attached List