```
              UNITED STATES DISTRICT COURT
            EASTERN DISTRICT OF PENNSYLVANIA


KEVIN EFAW,                    )
                               )  07-CV-00598
         Plaintiff,            )
                               )
         vs.                   )  Philadelphia, PA
                               )  April 3, 2009
FALLS TOWNSHIP,                )
                               )
         Defendant.            )


              TRANSCRIPT OF CIVIL JURY TRIAL
           BEFORE THE HONORABLE M. FAITH ANGELL,
              UNITED STATES MAGISTRATE JUDGE


APPEARANCES:

For the Plaintiff:      JEFFREY R. LESSIN, ESQUIRE
                        MARK T. RICHTER, ESQUIRE
                        Jeffrey R. Lessin & Associates
                        Two Penn Center
                        Suite 600
                        1500 John F. Kennedy Boulevard
                        Philadelphia, Pennsylvania 19102

For the Defendants:     DAVID P. KARAMESSINIS, ESQUIRE
                        CHRISTINE E. MUNION, ESQUIRE
                        Law Offices of
                        William J. Ferren & Associates
                        10 Sentry Parkway
                        Suite 301
                        Blue Bell, Pennsylvania 19422

Audio Operator:         INNA GOLDSHTEYN

Transcribed by:         DIANA DOMAN TRANSCRIBING
                        P. O. Box 129
                        Gibbsboro, New Jersey  08026
                        Off: (856) 435-7172
                        Fax: (856) 435-7124
                        E-mail: dianadoman@comcast.net


Proceedings recorded by electronic sound recording; transcript
produced by transcription service.
```

I N D E X

THE COURT:

Jury Questions               3

THE JURY:

Verdict                      7

**Please note:  Some speaker identification not noted on log.**

**Also, sidebars were too inaudible to put under separate cover.**

1     (The following was held in open court at 8:42 a.m.)
2             CLERK:  -- Faith Angell presiding.
3             THE COURT:  Okay.  You're all here.  (Pause).  We
4     have some questions.  Okay.  Question number one, "Can we have
5     an easel and markers?"  I'll have to look around.  My other
6     courtroom had them.  I'm sure we can find them.  Question
7     number two, "Can we have some coffee and soda?"
8             COUNSEL:  I would say no to the second question.
9             THE COURT:  Do you want a verdict?
10            COUNSEL:  And, we want them to be told --
11            THE COURT:  No food, no drink, no nothing.  Three,
12    "Original police reports, use of force of reports, and incident
13    reports."  You'll have to go through the exhibits.
14            Four, "definitions or clarifications of assault,
15    battery, and resisting arrest."  I thought I had that in my --
16    in my instructions.
17            MR. KARAMESSINIS:  Not resisting arrest.
18            MS. MUNION:  No.
19            THE COURT:  No resisting arrest.
20            MR. KARAMESSINIS:  Well, can they have then --
21            MS. MUNION:  It's in --
22            THE COURT:  I can --
23            MR. KARAMESSINIS:  -- the guilty plea?
24            MS. MUNION:  It's in the exhibit.  It's in one of the
25    exhibits, David.

1       MR. LESSIN:  It's in the guilty plea.
2       MS. MUNION:  Number 7.
3       THE COURT:  Okay.  Fine, whatever.  "Photocopies of
4  the jury instructions so one -- so we can each read one more --
5  we can read more at a time."  Sure.  I'll make individual jury
6  instructions.
7       COUNSEL:  D-7 is the --
8       THE COURT:  D-7.  Okay.
9       COUNSEL:  -- guilty plea.
10      THE COURT:  You can bring them in.
11      MS. MUNION:  The what?
12      COUNSEL:  Guilty plea.
13                        (Pause).
14      MR. KARAMESSINIS:  Judge, what was it that they --
15  they wanted a police --
16      MR. LESSIN:  Incident reports --
17      MR. KARAMESSINIS:  -- incident report, --
18      THE COURT:  Yes.
19      MR. KARAMESSINIS:  -- like, all of them?
20      THE COURT:  Yes.
21      MR. KARAMESSINIS:  Okay.  And, the use of force
22  reports?
23      THE COURT:  Yes.
24      MR. KARAMESSINIS:  Okay.  I'll get them out of -- out
25  of Jeff's --

1    (Jury enters)
2    THE COURT: Members of the jury, please be seated. I
3    have -- I have this morning's questions. "Can we have an easel
4    and markers?" "Can we have coffee and some soda?" Leslie is
5    brewing coffee, and we'll get soda. "The original police
6    reports, use of force reports, and incident reports", yes.
7    "Definitions or clarifications of assault, battery,
8    and resisting arrest." What we will give you is D-7, which is
9    the guilty plea. And, in the guilty plea, it explains all
10   those charges.
11   Photocopies of the jury instructions so everybody
12   each has a copy, sure. Okay?
13   MR. KARAMESSINIS: Judge, may we --
14   THE COURT: Yes?
15   MR. KARAMESSINIS: -- can we please have a quick
16   sidebar just before they go out?
17   (Sidebar under seal)
18   THE COURT: Okay. Counsel had two concerns. One is
19   that the definitions are split between two documents. If you
20   read my jury instructions, there's a definition of assault and
21   battery, but not resisting arrest. D-7, which is the guilty
22   plea, will explain resisting arrest as a definition. So, we'll
23   have that.
24   And, then, when you say original, what we have are
25   original copies in effect, because the -- the actual court in

1    the counties keeps their originals.  So, you'll have legible
2    copied originals as you have phrased it.  Okay.  I just want to
3    make sure that no one discussed this matter with anybody
4    outside of your group.  (Pause).  Very good.  Thank you very
5    much.  Okay.
6                          (Jury leaves)
7              (Recess from 8:47 a.m. until 11:25 a.m.)
8                CLERK:  All rise.  Court is now in session.
9                THE COURT:  Counsel, they have a question.  "Is there
10   a K-9 policy?  If so, can we have a copy?"  What's the exhibit
11   number for the K-9 policy?
12               MR. KARAMESSINIS:  It's D-9.
13               THE COURT:  I thought we just gave them D-9.
14               MR. KARAMESSINIS:  No.
15               THE COURT:  Oh, no, we gave them D-7.  It's D-9?
16               MR. KARAMESSINIS:  Yes.
17               THE COURT:  Okay.  Bring them in.
18                          (Jury enters)
19               THE COURT:  Thank you.  You've asked, "Is there a K-9
20   policy.  If so, can we have a copy?"  Yes, there is, and yes
21   you can.  Leslie, do you want to give us -- it's K-9, is that
22   correct?
23               CLERK:  D-9.
24               THE COURT:  D-9.  Okay.  Thank you.
25                 (Recess from 11:27 a.m. until 1:17 p.m.)

1    THE COURT: Jurors, have you reached a verdict?
2    FOREPERSON: Yes.
3    THE COURT: Fine. Can you -- Leslie will pick up
4    your form.
5    CLERK: Members of the jury, have you agreed upon
6    your verdict by answering the interrogatories submitted to you
7    by the Court?
8    FOREPERSON: Yes.
9    CLERK: What is your answer to interrogatory number
10   1, which reads, "Did defendant Police Officer Henry Ward,
11   violate plaintiff's Fourth Amendment right by the use of
12   excessive force?"
13   FOREPERSON: Yes.
14   CLERK: What is your answer to interrogatory number
15   2, which reads, "Did defendant Police Officer Jeffrey Rhodunda
16   violate plaintiff's Fourth Amendment right by the use of
17   excessive force?"
18   FOREPERSON: No.
19   CLERK: Number 3, "Did defendant Police Officer
20   Edward Elmore violate plaintiff's Fourth Amendment right by the
21   use of the excessive force?"
22   FOREPERSON: No.
23   CLERK: And, what is your answer to number 4, which
24   reads, "Did defendant Police Officer Steve Langan violate
25   plaintiff's Fourth Amendment right by the use of excessive

force?"

FOREPERSON: No.

CLERK: What is your answer to interrogatory number 5, which reads, "If plaintiff's Fourth Amendment right was violated, was the violation proximately caused by the implementation of Falls Township's K-9 policy?"

FOREPERSON: Yes.

CLERK: What is your answer to interrogatory number 6, which reads, "Did Police Officer Henry Ward unlawfully assault plaintiff?"

FOREPERSON: No.

CLERK: And, what is your answer to interrogatory number 7, which reads, "Did Police Officer Jeffrey Rhodunda unlawfully assault plaintiff?"

FOREPERSON: No.

CLERK: And, your answer to number 8, "Did Police Officer Edward Elmore unlawfully assault plaintiff?"

FOREPERSON: No.

CLERK: And, what is your answer to interrogatory number 9, which reads, "Did Police Officer Steve Langan unlawfully assault plaintiff?"

FOREPERSON: No.

CLERK: And, what is your answer to interrogatory number 10, which reads, "Did Police Officer Henry Ward commit an unlawful battery on the plaintiff?"

1  FOREPERSON: No.

2  CLERK: And, what is your answer to interrogatory
3  number 11, "Did Police Officer Jeffrey Rhodunda commit an
4  unlawful battery on the plaintiff?"

5  FOREPERSON: No.

6  CLERK: And, your answer to interrogatory number 12,
7  "Did Police Officer Edward Elmore commit an unlawful battery on
8  the plaintiff?"

9  FOREPERSON: No.

10  CLERK: And, what is your answer to interrogatory
11  number 13, "Did Police Officer Steve Langan commit an unlawful
12  battery on the plaintiff?"

13  FOREPERSON: No.

14  CLERK: And, what is your answer to interrogatory
15  number 14, "What is the total amount of compensatory damages
16  you award to plaintiff as a result of the actions of defendants
17  that caused injury to the plaintiff? Police Officer Ward?"

18  FOREPERSON: Zero.

19  CLERK: Police Officer Rhodunda?

20  FOREPERSON: Zero.

21  CLERK: Police Officer Elmore?

22  FOREPERSON: Zero.

23  CLERK: Police Officer Langan?

24  FOREPERSON: Zero.

25  CLERK: Falls Township?

1                    FOREPERSON:  25,000.

2                    CLERK:  And, what is your answer to interrogatory

3     number 15, which reads, "Do you assess punitive damages against

4     the police officer defendants?  Police Officer Ward?"

5                    FOREPERSON:  Yes.

6                    CLERK:  And, how -- the amount?

7                    FOREPERSON:  5,000.

8                    CLERK:  Police Officer Rhodunda?

9                    FOREPERSON:  No.

10                   CLERK:  Police Officer Elmore?

11                   FOREPERSON:  No.

12                   CLERK:  Police Officer Langan?

13                   FOREPERSON:  No.  Members of the jury, hearken unto

14    your verdict in the issue joined wherein Kevin Efaw is

15    plaintiff and Falls Township, Police Officer Henry Ward, Police

16    Officer Jeffrey Rhodunda, Police Officer Edward Elmore, and

17    Police Officer Steve Langan are defendants.  You have answered

18    the interrogatories as follows.

19         Interrogatory number 1, yes; number 2, no; number 3,

20    no; number 4, no; number 5, yes; number 6, no; number 7, no;

21    number 8, no; number 9, no; number 10, no; number 11, no;

22    number 12, no; number 13, no.

23         The total amount of compensatory damages you awarded

24    in interrogatory number 14 reads Police Officer Ward, zero;

25    Police Officer Rhodunda, zero; Police Officer Elmore, zero;

1    Police Officer Langan, zero; and Falls Township, $25,000.
2              And, the punitive damages you assessed against the
3    police officer defendants in interrogatory number 15 are Police
4    Officer Ward, -- you found punitive damages in the amount of
5    $5,000; Police Office Rhodunda, there were no punitive damages;
6    Police Officer Elmore, no; and Police Officer Langan, no.  And,
7    so say you all.
8              FOREPERSON:  Yes.
9              THE COURT:  Polling?
10             MR. KARAMESSINIS:  Yes.
11             THE COURT:  Okay.  They want to be -- he wants them
12   polled.
13             CLERK:  Oh, I'm sorry.  You do want them polled.
14   Juror number 1, is the verdict of your foreperson your true and
15   correct verdict?
16             JUROR 1:  Yes, it is.
17             CLERK:  Juror number 2, is the verdict of your
18   foreperson the true and correct verdict?
19             JUROR 2:  Yes.
20             CLERK:  Juror number 3, is the verdict of your
21   foreperson your true and correct verdict?
22             JUROR 3:  Yes.
23             CLERK:  Is the verdict of your foreperson, juror
24   number 4, your true and correct verdict?
25             JUROR 4:  Yes.

1    CLERK: Juror number 5, is the verdict of your
2    foreperson your true and correct verdict?
3    JUROR 5: Yes.
4    CLERK: Juror number 6, is the verdict of your
5    foreperson your true and correct verdict?
6    JUROR 6: Yes.
7    CLERK: Juror number 7, is the verdict of your
8    foreperson your true and correct verdict?
9    JUROR 7: Yes.
10   CLERK: And, juror number 8, is the verdict of your
11   foreperson your true and correct verdict?
12   JUROR 8: Yes.
13   THE COURT: Jurors, thank you very much. You have
14   completed your responsibility. We are grateful. Counsel are
15   also grateful that this matter has been terminated by a
16   verdict. And, I thank you very much. You are excused. I do
17   not permit counsel to interview the jurors unless they so
18   choose. Thank you. You're free to go.
19   MR. RICHTER: Your Honor, may we have a sidebar
20   before the jurors are excused?
21   THE COURT: Excuse me?
22   MR. RICHTER: May we have a sidebar before the jurors
23   are excused?
24   THE COURT: All right.
25                       (Sidebar under seal)

1    THE COURT: Again, jurors, you are dismissed. Thank
2 you so much.
3                        (Jury excused)
4    THE COURT: Counsel, this has been a labor. I will
5 expect post-trial motions dealing with what is represented to
6 be an inconsistent verdict within -- 10 days, 20 days -- 10
7 days.
8
9              (Proceedings concluded at 1:32 p.m.)
10                         * * * * *
11                     C E R T I F I C A T I O N
12
13    I, Frances L. Maristch, court approved transcriber,
14 certify that the foregoing is a correct transcript from the
15 official electronic sound recording of the proceedings in the
16 above-entitled matter.
17
18   _____        _____
19   DATE                            FRANCES L. MARISTCH
20
21
22
23
24
25